**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SUSA NASA, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| ARAMARK FOOD SERVICES, et al., | : | 1:11-CV-2746-TWT-GGB |
| | : | |
|     Defendants. | : | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Presently before me for consideration are two motions to dismiss, or in the alternative, for more definite statement filed by Defendant Correctional Medical Associates, Inc. ("CMA") [Doc. 16] and Defendant Aramark Food Services ("Aramark") [Doc. 22]. For the reasons discussed below, I recommend that the motions be **GRANTED** and that Plaintiff's case be dismissed without prejudice.

Plaintiff, Susa Nasa, filed a *pro se* civil rights complaint in the Fulton County Superior Court, while he was an inmate at the Fulton County Jail. In his complaint, Plaintiff appears to complain about the diet provided by the jail. [Doc. 1, Attach. 1 at 4]. On August 17, 2011, the case was removed to this Court. [Doc. 1]. Defendant CMA requested that this Court order Plaintiff to file a more definite statement under Fed. R. Civ. P. 12(e), because Plaintiff's complaint contained lengthy handwritten

AO 72A
(Rev.8/82)

allegations that were difficult to follow. [Doc. 3]. On January 10, 2012, I granted CMA's motion and ordered Plaintiff to file an amended complaint. [Doc. 11].

In that order, I directed Plaintiff to: (1) draft his amended complaint on the complaint form provided by the Clerk of this Court; (2) clearly caption the amended complaint as an amendment to his original complaint; (3) add no more than ten pages to the form; (4) write on only one side of each page and double space each line; (5) provide the name of each intended defendant; (6) provide only factual allegations concerning events in which he himself suffered some injury; (7) separate each of his legal claims into counts, clearly identifying each defendant responsible for his injury; (8) omit all legal argument or conclusion; and (9) provide information on the administrative relief that he has pursued.

On February 9, 2012, Plaintiff filed an amended complaint [Doc. 13], that is approximately 31 pages in length. The handwritten pages are single-spaced and again very difficult to read. Plaintiff's claims are not separated into counts and Plaintiff has not clearly identified each defendant responsible for his injury. In sum, Plaintiff failed to comply with my order.

Defendants CMA and Aramark filed motions to dismiss [Docs. 16 and 22], contending that Plaintiff's complaint is subject to dismissal because Plaintiff failed

2

to comply with the court's order. In the alternative, Defendants CMA and Aramark request that this Court again order that Plaintiff provide a more definite statement in accordance with Fed. R. Civ. P. 12(e).

Plaintiff is no stranger to this Court and is well aware of the requirements for filing a proper complaint. *See Nasa v. Fulton County Jail*, No. 1:09-CV-3430-TWT at Doc. 2 ("Plaintiff has filed at least twenty-nine prisoner civil actions in this Court, and at least six of those actions have been dismissed as frivolous."). Furthermore, Plaintiff has failed to comply with court orders in other cases pending in this Court where he was required to amend his complaint. *See Nasa v. Jackson, et al.*, No. 1:11-CV-3354-TWT-GGB. Moreover, Plaintiff completely disregarded the directions in my order regarding the filing of an amended complaint in this action. For these reasons, I find that Plaintiff's complaint should be dismissed.

Accordingly, **I RECOMMEND** that Defendants CMA and Aramark's motions to dismiss [Docs. 16 and 22] be **GRANTED**, and that this action be **DISMISSED WITHOUT PREJUDICE**, due to Plaintiff's failure to comply with a lawful Order of this Court. LR 41.3(A)(2), N.D. Ga.

AO 72A
(Rev.8/82)

**I ORDER** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 14], motion to appoint counsel [Doc. 18], and motion in opposition to Defendants' motion to dismiss [Doc. 25] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 21st day of June, 2012.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)